```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
ARISTOMENIS MITROPOULOS, on behalf of           :
himself and all other similarly situated persons, :
                                                 :
                            Plaintiff,           :      MEMORANDUM & ORDER
                                                 :
        -against-                                :      17-cv-3618 (ENV) (ST)
                                                 :
401 SUNRISE CORP., d/b/a/ LYNBROOK              :
DINER, NICKOLAS MAVROMIHALIS,                    :
NIKOLAS KOSTAKIS, and GEORGE KAPORIS, :
                                                 :
                            Defendants.          :
----------------------------------------------------------------- x
```

VITALIANO, D.J.

On June 15, 2017, plaintiff Aristomenis Mitropoulos commenced this action against two defendants, bringing claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Compl. ¶¶ 1-2, ECF No. 1). The Court (Bianco, J.) conditionally certified the case to proceed as an FLSA collective action. (Order, ECF No. 34). With leave of the Court (Bianco, J.), (id.), plaintiff joined two additional defendants in an amended complaint, filed on May 22, 2018, (Am. Compl., ECF No. 33). On August 14, 2018, counsel for defendants 401 Sunrise Corporation ("401 Sunrise") and Nickolas Mavromihalis informed the Court that his clients had filed for protection under Chapter 11 of the Bankruptcy Code. (Letter, ECF No. 46). The Court (Bianco, J.), in the ordinary course and without apparent objection, issued an order staying the case. (Order, dated Aug. 20, 2018). Following reassignment of this case, plaintiff seems to have self-rekindled the litigation. Plaintiff has now requested that the Court lift the stay as to Nikolas Kostakis because Kostakis had, and has, not filed for bankruptcy protection. (Status Report, ECF No. 48). For the reasons set forth below, the motion is granted, and the stay is lifted solely as to Kostakis.

1

Discussion

Although the automatic stay imposed by a bankruptcy filing, 11 U.S.C. § 362(a), stays civil proceedings against the debtor, *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) (citing *Koolik v. Markowitz*, 40 F.3d 567, 568-69 (2d Cir. 1994)), a "suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing," *id.* (quoting 3 Collier on Bankruptcy § 362.03[3][d] (15th ed. 2002)). "The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Id.* Canonical examples include "a claim to establish an obligation of which the debtor is a guarantor, a claim against the debtor's insurer, and actions where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant." *Id.* at 287-88 (citations and internal quotation marks omitted). Kostakis notes that the Fourth and Sixth Circuits have recognized sufficient identity between the debtor and the third-party defendant in cases where the "third-party . . . is entitled to absolute indemnity by the debtor on account of any judgment that might result against [him] in the case," *Lindsey v. O'Brien (In re Dow Corning Corp.)*, 86 F.3d 482, 493 (6th Cir. 1996) (quoting *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)).

Seeking to leverage this exception, Kostakis contends that he "is entitled to absolute indemnity by the 401 Sunrise Corp., as the ultimate employer in the event any judgment might result against him individually." (Opp'n at 2, ECF No. 52). He provides absolutely nothing in the way of support for this conclusory assertion. Indeed, Second Circuit precedent unambiguously provides that "there is no right to contribution or indemnification for employers held liable under the FLSA." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999); *see also Garcia v. Cloister Apt. Corp.*, No. 16-cv-5542 (LTS), 2018 WL 1353274, at *2

(S.D.N.Y. Mar. 15, 2018) (collecting cases). Courts in this circuit have similarly rejected claims for indemnification under NYLL, *e.g.*, *Holt v. Animation Collective, Inc.*, No. 13 Civ. 2552, 2014 WL 1413548, at *3 (S.D.N.Y. Apr. 10, 2014), and further foreclosed such claims even when styled as claims for contract damages rather than indemnification, *e.g.*, *Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 328 (S.D.N.Y. 2001). Because Kostakis is legally foreclosed from seeking indemnification, a judgment against him will not have adverse economic consequences for the debtor, and the action may not remain stayed with respect to him on this ground.

Kostakis further argues that the stay should remain in place with respect to him because he may require discovery of materials in the debtor's possession. Specifically, he contends that he requires access to business records that will show that he was merely a passive investor in 401 Sunrise and had no management authority or hiring responsibilities. Kostakis suggests that 401 Sunrise is, therefore, an indispensable party to this action.[1] As with his claim to indemnification, this contention is presented without citation to legal authority. In any case, a defendant's need for discovery from an entity does not render that entity a party that must be joined. *See generally* Fed. R. Civ. P. 19 (listing those parties that must be joined). Moreover, it certainly does not fall within the categories set forth in *Queenie* that would require the action to remain stayed with respect to Kostakis. Consequently, Kostakis presents no viable grounds on which the action should remain stayed in its entirety rather than proceed against him.

---

[1] Kostakis uses the term "indispensable party," but this nomenclature is inappropriate, following the 1966 amendment to Rule 19. *See* 7 Fed. Prac. & Proc. Civ. § 1604 (3d ed. 2019).

## Conclusion

For the foregoing reasons, plaintiff's motion is granted, and the stay is lifted with respect to defendant Nikolas Kostakis.

This matter is respectfully referred to Magistrate Judge Steven Tiscione for revived pretrial management.

So Ordered.

Dated: Brooklyn, New York
       June 6, 2019

                                      /s/ USDJ ERIC N. VITALIANO
                                      ERIC N. VITALIANO
                                      United States District Judge

4